# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff(s), ) | Case: 2:11-cr-0120-RLH-CWH |
| ) | |
| vs. ) | **O R D E R** |
| ) | (§ 2255 Motion to Vacate – #164) |
| GEORGE E. ANDERSON, ) | |
| ) | |
| Defendant(s). ) | |

Before the Court is Defendant Anderson's **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** (#164, filed July 25, 2014), and the Government's Opposition to Motion (#173, filed December 5, 2014). No reply was filed. Defendant Anderson seeks relief from his sentence of 66 months with three years of supervised release entered July 25, 2013. Anderson was convicted following a plea of guilty, pursuant to a written plea agreement, to Conspiracy to Commit Wire Fraud (Count 1) and Wire Fraud (Counts 2 and 3). In the plea agreement he waived all appellate rights except for ineffective assistance of counsel. Although he did not exercise his right to appeal for ineffective assistance of counsel, that is the basis for the four grounds asserted in this motion.

The Motion will be denied for the reasons stated hereafter.

## FACTUAL BACKGROUND

Defendant Anderson was indicted, together with co-defendant Andrew Swan, on March 21, 2011, for Conspiracy to Commit Wire Fraud and two counts of Wire Fraud. Without

1

going into exhaustive detail, the activities of the two involved nine sham real estate purchases, using a straw buyer, the making of materially false statements to lenders, reselling the properties at fraudulently elevated prices and inducing the escrow company to disburse the proceeds to companies held by the two co-defendants.

James Hartsell was appointed to represent Anderson and remained his counsel until sentencing. On January 28, 2013, the date set for trial of Mr. Anderson, co-defendant Swan having already entered a guilty plea, Defendant Anderson did not appear. The Court issued a bench warrant and he was subsequently arrested in California on February 6, and on February 25, was detained for trial, which was rescheduled for April 29, 2013. On March 29, 2013, Anderson filed a motion to dismiss counsel. On April 5, the Court held a hearing on the motion to dismiss counsel. Anderson asked permission to review a proposed plea agreement (that he had previously signed) again with Mr. Hartsell and have the weekend to think about it. On April 8, 2013, Anderson having agreed to proceed with Mr. Hartsell as his counsel and wishing to proceed with a change of plea, Anderson's motion to dismiss counsel was denied. The canvass of the Defendant was conducted, his change of plea accepted, and the matter set for sentencing.

Because of the substance of Defendant Anderson's Motion pursuant to § 2255, the Court feels it prudent to rehearse salient statements Defendant made, under oath, at the change of plea colloquy. First, he confirmed the essential points of the plea agreement, that he had read, understood and signed the plea agreement, that he agreed and understood that he was waiving his constitutional rights to call witnesses on his own behalf or offer evidence on his own behalf, etc. He confirmed that his decision to plead guilty was voluntary and that he understood he could not appeal any sentence within the advisory guidelines range. (In fact, the guideline range calculated by the PSR was 121-151 months. The range calculated by the Court was 78-97 months. But the Court varied downward from that and sentenced him to 66 months.) Anderson specifically stated he was "satisfied with Mr. Hartsell's representation," and when asked if he had read the plea agreement, he responded that he did; when asked if he discussed it with his attorney, he responded

that he did; and, when asked if his attorney answered any questions he had about the plea agreement, Anderson answered, "Right away, sir." During the colloquy, and after being reminded he was under oath, Anderson agreed with the list of inculpatory facts in the plea agreement and volunteered that, "I actually read it [the plea agreement's factual statement] more than once." Finally, Anderson "agreed to make full restitution in the amount of $3,3517,950."

Following the issuance of the Presentence Report (PSR), with its calculated guideline range of 121-151 months, Defendant Anderson retained his own counsel, Jennifer Joy Wirsching, of California, to represent him "in the sentencing hearing only" and asserting that he was *not* seeking to withdraw his plea or otherwise alter the terms of the plea agreement. The sentencing was held July 25, 2013. The Court declined to apply the Government's requested enhancement for obstruction of justice (for his failure to appear for trial) and recalculated the guideline range as noted above, but even varying downward from that to a sentence of 66 months, with a restitution order in the amount of $3,517,950.

**GROUNDS FOR THE MOTION**

Defendant Anderson asserts four grounds of constitutional ineffectiveness of counsel:

1. That Hartsell did not respond to his demand for 3 subpoenas for 3 companies in order to obtain exculpatory evidence; that Hartsell sent him a "rude e-mail message" in response to his desperate attempts to follow up;

2. That Hartsell failed to contact, speak to, or subpoena any of the 22 potential witnesses identified by the Defendant and "failed to hire an expert witness to rebut the Government's calculated loss";

3. That, despite Anderson's signing of a plea agreement on April 8, 2013, Mr. Hartsell failed to negotiate a plea proposal by not allotting sufficient time for effective or competent negotiation in January 2013; and

////

1    4.       That Mr. Harstell failed to argue the miscalculation of the restitution amount by failing to argue the offset by the amount actually recouped from a sale of returned collateral following foreclosure.

## LAW

To establish ineffectiveness of counsel under 28 U.S.C. § 2255, Defendant must show (not just claim) (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that the ineffective performance caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either prong ends the inquiry. *See, e.g., Earp v. Cullen,* 623 F.3d 1065 (9th Cir. 2010).

In examining such a claim, that counsel's representation fell below "an objective standard of reasonableness," the Court "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. The challenger must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011). Conclusory allegations do not warrant habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

## DISCUSSION

Defendant Anderson's claims are all conclusory. He claims that witnesses and companies should have been interviewed and subpoenaed, but makes no attempt to describe what exculpatory evidence they might provide. He claims that Mr. Hartsell did not allocate enough time negotiating the plea agreement, but gives not even a suggestion as to what additional benefits or forbearances should have been included in the plea agreement. Nor does he even suggest that had certain benefits not been included, he would have been willing to go to trial. He does not suggest that he was forced to agree to the plea agreement–and stated, under oath, at the plea colloquy that he entered into the plea agreement voluntarily. He makes no claim of erroneous advice or, but for such advice, that he would not have agreed to the plea.

////

While he complains about what Mr. Hartsell should and should not have done, he never explains how those alleged acts or omissions caused a fundamentally unfair or unreliable result, or prejudiced him in the result. While he rejected a plea offer in January 2013, he never explains how his own decision to reject that plea offer can be blamed on Mr. Hartsell.

Contrary to his conclusory assertions, the facts are that Mr. Hartsell went the extra mile in his efforts to establish a defense, and that it was Anderson who often failed to cooperate or assist in his efforts. The affidavit of Mr. Hartsell, documenting his activities and those of his investigators, shows that his investigators had numerous contacts with Anderson and worked extensively on the case. In fact, despite numerous conference calls with Anderson, in the fall of 2012, Anderson refused to review the prosecution's inculpatory discovery and chose, instead, to work on renovating a car, or claim that he didn't have time because he was writing a book. After initially signing a plea offer in January, Defendant failed to appear in Court on January 29, 2013, was arrested in California, and then backed out of the agreement and refused to meet with counsel.

The reports of the investigators reveal that the companies for which Anderson wanted subpoenaed have disconnected phone numbers and some were out of business. Others refused to disclose records, or stated they were no longer available. Of the witnesses Anderson demanded subpoenaed, some refused to talk to investigators, some had criminal records, some claimed they would do anything to bring Anderson to justice. Furthermore, the investigators discovered that the county records did not support Anderson's claims of ownership or the length of ownership of properties in question. In sum, hours were spent by Hartsell's investigators trying to pursue claims made by Anderson, only to discover that witnesses and evidence were either not available or not exculpatory. That fact, combined with the Defendant's failure to cooperate, clearly supports the legal presumption that Mr. Hartsell's representation was both subjectively and objectively far above the standard of reasonableness. Furthermore, there is no showing, or even an attempt to show, prejudice to Defendant because of any action or inaction on the part of Mr. Hartsell.

IT IS THEREFORE ORDERED that Defendant Anderson's **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** (#164) is DENIED.

Dated: January 6, 2015.

_____
**Roger L. Hunt
United States District Judge**